UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Jeffrey Brook McCollum, ) <br> Hannah Whitfield McCollum, ) <br> ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> Jacoby Trucking and Delivery, LLC, ) <br> Foundation Xpress, LLC, ) <br> John Does 1–10, ) <br> ) <br> Defendants. ) <br> _____ ) | C/A No. 8:17-cv-01244-DCC <br><br> **ORDER** |

This matter is before the Court on Plaintiffs' Motion to Quash Subpoena Duces Tecum and for Protective Order ("the Motion"). ECF No. 31. No response to the motion was filed, and the time for response has lapsed. For the reasons set forth below, the Motion is granted.

Plaintiffs' claims arise out of an automobile accident on May 13, 2014, in Williamston, South Carolina. Plaintiffs allege causes of action for negligence, negligent supervision and training, and loss of consortium. ECF No. 1.

### Legal Standard

Rule 45(d)(3)(iv) of the Federal Rules of Civil Procedure provides that a district court must, on timely motion, quash a subpoena that "subjects a person to undue burden." The determination of undue burden is within the discretion of the district court. A subpoena that seeks information irrelevant to the case is a per se undue burden. *See Cook v. Howard,* 484 F. App'x. 805, 812 n.7 (4th Cir. 2012); *HDSherer LLC v. Nat'l Molecular Testing Corp.,* 292 F.R.D. 305, 308 (D.S.C. 2013). A subpoena that would require a non-party to incur excessive expenditure of time or money is unduly burdensome. *Cook,* 484 F.App'x. at 812 n.7. Otherwise, "undue burden" requires the

district court to balance the interests served by demanding compliance against the interests furthered by quashing the subpoena. 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2008). The key factors to the court's inquiry are the relevance of the information requested, the need of the party for the testimony, and whether it is available from another source. *Wiwa v. Royal Dutch Petroleum Co.,* 392 F.3d 812, 818 (5th Cir. 2004).

## Discussion

Plaintiffs seek to quash Defendants' subpoena for wage and employment records. ECF No. 31. Plaintiffs' state they have stipulated to the withdrawal of any claims concerning wage loss, lost earnings, and any financial impact related to wages. *Id.* at 2. Accordingly, Plaintiffs argue that the continued request for these records is "oppressive, burdensome, an intrusion into non-relevant issues, and not likely to lead to admissible evidence." *Id*.

While it is conceivable that other relevant information could be contained in the requested documents, Defendants' have failed to make any showing that any information in these documents is being sought beyond the wage information. The Court agrees that, given the stipulation by the Plaintiffs, the requested information does not appear to be relevant nor does it appear to be reasonably calculated to lead to the discovery of any relevant evidence. Accordingly, the Motion should be granted.

## Conclusion

For the foregoing reasons, Plaintiffs' Motion to Quash Subpoena Duces Tecum and for Protective Order, ECF No. 31, is **GRANTED**.

s/Donald C. Coggins, Jr.
United States District Judge

December 21, 2017
Spartanburg, South Carolina